MURDOCK v. THE COURTENAY MFG. CO.

1. EVIDENCE—HEARSAY.—A receipted bill for cement is mere hearsay as between a contractor and contractee as to the amount of cement actually furnished the former.

2. IBID.—A witness cannot testify as to the production of a cotton mill per day, when his information is derived from the books of the company, and employees of the mill.

3. IBID.—Plaintiff was not permitted to testify as to work done under written contract, including plans and specifications, without producing them.

4. IBID.—HEARSAY.—Instructions by contractor to contractee about work in progress in the form of statements by another in interest, is not hearsay.

5. NEW TRIAL—WAIVER.—The right to move a Circuit Judge for a new trial under an order extending time for service of case and exceptions for new trial in Circuit Court, under Code, 287, is waived by appeal from judgment entered on verdict before time for service expires.

6. IBID.—It is unnecessary here to undertake to reconcile Code, 287, and C. C. Rule 47, as to motions for new trials in Circuit Court.

7. REHEARING refused.

Before BUCHANAN, J., Oconee, September, 1897. Affirmed.

Action by Andrew Murdock v. The Courtenay Manufacturing Company. Judgment for plaintiff. Defendant appeals.

*Messrs. Jaynes & Shelor* and *Trenholm, Rhett & Miller*,

for appellant, cite: *Proof of purchase of cement tends to prove that amount of cement furnished:* 24 S. C., 131. *Judgment entered while motion for new trial is pending is invalid:* Code, 287; 28 S. C., 568; 22 S. C., 50; Code, 286.

*Messrs. B. F. Whitner, Tribble & Prince,* and *W. J. Stribling,* contra. The former cites: *The receipted bill might have been used by witness to refresh his memory:* 14 S. C., 451; 15 S. C., 273. *But it could not have been put in evidence:* 14 S. C., 451; 5 Rich., 495. *Judgment properly entered, notwithstanding the pending order deferring motion for new trial on case and exceptions:* 6 Rich., 492; 22 S. C., 343; Rule 47 Circuit Court; Code, 287; Wait's Annotated Code N. Y., sec. 265; 14 S. C., 104; Code, 286.

This opinion was filed April 19, 1898, but remittitur stayed on petition for rehearing until May 24, 1898. The opinion of the Court was delivered by

MR. JUSTICE JONES. This is an action on a promissory note for $2,500. The defendant admitted plaintiff's cause of action, and set up as a counter-claim $7,158.72, as damages which resulted to defendant from the unskillful and negligent construction by plaintiff of the canal walls connected with defendant's cotton mills, which plaintiff had contracted to build in a workmanlike manner, and for which work defendant, unconscious of the imperfections in the construction of said canal walls, had given said note in part settlement.

The jury found for the plaintiff $2,887.90, and from the judgment rendered thereon the defendant appeals, alleging errors, principally in the rulings of the Court on questions of evidence. 1. It is alleged that the Court erred in excluding from evidence a receipted bill of Lorick & Lowrance for 1,300 barrels of cement, in the period commencing January 1st, 1894, and ending May 1st, 1894, inasmuch as said evidence tended to show compliance of defendant with the contract on its part, and was some

evidence from which the jury could infer that sufficient cement had been furnished the plaintiff during the construction of the canal walls, this fact being one of the main issues in the cause and set up as one of the defenses to the counter-claim. The objection was made and sustained that such receipted bill would not show that the cement had been furnished the plaintiff. While it may be that the purchase of the cement during the construction of the canal walls might be relevant to show plaintiff's intention and preparations to furnish an ample supply of cement, the receipted bill, as between plaintiff and defendant, was mere hearsay evidence of such purchase, and in no way tended to prove that a sufficient quantity of cement was in fact furnished to the platntiff. The witness, Mr. Courtenay, was allowed to testify what was far more pertinent, that he had purchased and received from Lorick & Lowrance the 1,300 barrels of cement from January 1st to May 1st, 1894, and that of this, according to witness' estimate, some ten or eleven hundred barrels of cement had been actually furnished and delivered to the plaintiff for the construction of the river wall and canal walls. So, even if the evidence in question had been admissible, its exclusion was wholly harmless.

2. Defendant asked the witness, William A. Courtenay, the following question: "What was the mill earning at the time that it stopped per day?" The witness started to answer, and said: "We have made a very careful calculation from the best data, and we were making then—" Counsel for plaintiff objected, and called for the books as the best evidence from which the data was obtained. This objection was sustained, and this ruling is excepted to. The continuation of the testimony on this point was as follows: "Q. Can you state of your own knowledge what the profits of that mill were? The Court: That means knowledge obtained by yourself, and not knowledge obtained by some one else. The witness: Well, as I understand the Judge, I can answer, because I really got it from a careful

analysis of the whole mill, thoroughly and carefully made.
Q. Have you got the source of your information here?   A.
No, sir; it was carefully made in my office, but I have not
got it here.   It was a very complex matter, and required
a great deal of figuring; but, in a general way, at this time
in the evening, there is put upon the president's table a
statement showing how much goods had been made that
day, what they were worth on the New York market, and
you would have to get a minute calculation as to the num-
ber of looms and spindles that were running.   Q. How do
you arrive at the profits of the mill?   A. We have reduced
to the finest fraction the cost of everything that goes into
the making of the goods, the labor, &c., and we know what
the goods are selling for in New York, so much per yard,
and how much is made, and all of that."   From the fore-
going, it appears that the witness was not prevented from
stating anything in answer to the question which he knew
of his own knowledge, and it is clear that it was not ad-
missible for him to answer upon information derived from
others..  The proposed statement of the witness, who was
president of the mill, was manifestly largely based upon ·
statements of others in charge of the various departments
of the mill, giving details of expense and output, or from
the books of the company.   Defendant cannot complain,
if plaintiff was willing to have the question as to the profits
of the mill determined by the production of the books of
the company.

3. Error is alleged in permitting plaintiff to testify as to
work done under a written contract with Grant and Mur-
dock and the defendant company, inasmuch as said con-
tract was not offered in evidence, and could not be so offered
until the plans and specifications therein referred to
were also offered, being part and parcel of said con-
tract.   This exception is based on a misconception.
The plaintiff was not testifying when the objection was
raised, but William A. Courtenay, defendant's witness, was
being cross-examined.   This witness proved the execution

of the contract by Grant and Wm. A. Courtenay, as president and treasurer of the defendant company. In answer to the question, "Where was Murdock at the time this paper was signed by you and Grant?" Mr. Courtenay said: "I think he was going on with the work." Then the question was asked, "Now, is it not a fact that under this paper Grant and Murdock did the stone work there? Counsel for defendant objected to any statements as to the contents of this paper on the ground that until the plans and specifications referred to in the contract were put in evidence, the paper in question could not be introduced, and, moreover, the paper spoke for itself." The objection being overruled, the witness answered, "Yes, sir." Immediately afterwards the following question was asked: "Captain, didn't Murdock go to work under this contract signed by you and Grant, and do that work that was done there by Murdock on the masonry under this contract?" Upon renewal of the objection above, the Court ruled the testimony to be inadmissible. Subsequently, in the examination of plaintiff, the contract with the plans and specifications were introduced ·in evidence by plaintiff's counsel. We fail to see how the Circuit Judge has committed error prejudicial to appellant.

4. The fourth and sixth exceptions allege error in permitting the plaintiff to testify as to what Mr. Pelzer, a director in the defendant company, said in reference to the fall of the south canal walls, and in reference to the wing walls, inasmuch as the same was hearsay and irrelevant. In the first place, the counsel for defendant withdrew his objection, reserving the right to move to strike it out if he saw proper. He did not afterwards move to strike it out. Then the witness answered, "Mr. Courtenay came down and said that Mr. Pelzer said that these wing walls are too light, and says, you go and double them up; and I went and excavated to the dam and doubled them up." This testimony was not hearsay. It was in reference to a direction by the president of the company to a contractor to do a certain work, what Mr. Pelzer said being

assigned as a reason for or cause of the direction. In so far as the testimony was merely irrelevant to any issue before the Court, its admission was not reversible error. The fifth exception relates also to the admission of irrelevant testimony which could not have prejudiced appellant, and it is also overruled.

5. The seventh and eighth exceptions are as follows: Seventh. Because the judgment entered on said verdict is utterly null and void, inasmuch as the order of Judge Buchanan extending the time for serving a case or exceptions, or case containing exceptions, until the 18th day of October, 1897 (being three days after the adjournment of Court), duly consented to by plaintiff's counsel, was in effect, and is a direction that the said motion for a new trial should be heard at a subsequent term, and the judgment in the meantime suspended. Eighth. Because no authority of law exists for the entry of the judgment upon said verdict in view of the said order of his Honor Judge Buchanan. The case shows that "upon the rendition of the verdict, counsel for defendant, excepting to the same, moved for a new trial on case and exceptions. The Court was about to adjourn, and did adjourn subsequently on the same day the verdict was rendered. Previous to such adjournment, with the consent of plaintiff's counsel, the following order was signed: 'Notice of intention to move the Circuit Court for a new trial having been given, and the several counsel having consented to an extension of the time in order to serve the case and exceptions, it is ordered, that the time for serving a case and exceptions be, and the same is hereby, extended until the 18th day of October, A. D. 1897. Signed O. W. Buchanan, presiding Judge.' " The Court adjourned September 18, 1897, and on the 27th day of September, without notice to defendant, judgment was entered on the verdict. On the day following, defendant served notice of intention to appeal to this Court, which was afterwards in due time followed by the service of the "Case" and exceptions upon which this appeal is heard. Sec. 287

28—52

of the Code of Civil Procedure provides: "A motion for a new trial on a case or exceptions, or otherwise, * * * must, in the first instance, be heard and decided at the same term, except that when exceptions are taken, the Judge trying the cause may, at the trial, direct them to be heard at some subsequent term, and the judgment in the meantime suspended, and in that case they must be there heard in the first instance and judgment there given."

Appellant contends that the order of Judge Buchanan, extending the time for serving case and exceptions on a motion for a new trial before the Circuit Court, was in effect a direction that the motion should be heard at a subsequent term, and that the judgment in the meantime be suspended; therefore, that the judgment entered in this case before the hearing of the motion for new trial is null and void. We can not agree that such is the result. In the first place, appellant by bringing his appeal for a new trial on case and exceptions to this Court, has waived whatever right he had to move the Circuit Court for a new trial on case or exceptions or otherwise, as such a motion could not pend in the Circuit and Supreme Courts at the same time. As this Court will not entertain an appeal from a verdict of a jury, *Whitesides* v. *Barber*, 22 S. C., 50, and as appellant has chosen to ask this Court to review the judgment below on exceptions, which have been considered, appellant is estopped to say that such judgment is null and void because entered while a motion for a new trial was pending in the Circuit Court. In view of this appeal, this Court must necessarily and conclusively presume that the motion for a new trial in the Circuit Court has either been abandoned or has been decided adversely to appellant.

Having reached this conclusion, we will not undertake the somewhat difficult task of reconciling and making clear section 287 of the Code and Rule 47 of the Circuit Court, as applied to motions for new trials in the Circuit Court. Nor need we determine whether Judge Buchanan's order in effect directed that the motion

for new trial be heard at a subsequent term, and, in the meantime, suspended the judgment, since this appeal raises a conclusive presumption that the motion for a new trial in the Circuit Court has been abandoned or disposed of.

The judgment of the Circuit Court is affirmed.

Petition for rehearing was duly filed and remittitur stayed. On May 24, 1898, the Court handed down an order refusing the motion, because no material fact or principle of law had been overlooked.

MR. JUSTICE POPE did not sit in this case.